1:16-cv-417 (LEK/DJS)

# EXHIBIT A

SUPREME COURT: STATE OF NEW YORK
COUNTY OF SCHENECTADY
-----------------------------------------------------------------X
███████████████ an infant, by ALEXIS
ESTRADA, Individually, and as parent and natural
guardian,

                              Plaintiffs,

      - against -

KEMPER FINANCIAL INDEMNITY COMPANY
and KEMPER INDEPENDENCE INSURANCE
COMPANY,

                              Defendants.
-----------------------------------------------------------------X

Index No.: 2016-441
Date Purchased:
**SUMMONS**

Plaintiffs designate
Schenectady County as the
place of trial.

The basis of venue is: Plaintiffs'
residence
Plaintiffs reside at:
Schenectady, NY
County of Schenectady

**To the above named Defendants:**

       **You are hereby summoned** to answer the complaint in this action, and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance on the plaintiff's attorneys within twenty days after the service of
this summons, exclusive of the day of service, where service is made by delivery upon you
personally within the state, or, within 30 days after completion of service where service is
made in any other manner. In case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:        February 23, 2016


                                        _____
                                        JOSEPH E. O'CONNOR, ESQ.
                                        MAINETTI, MAINETTI & O'CONNOR, P.C.
                                        Attorneys for Plaintiffs
                                        130 N. Front Street
                                        Kingston, New York 12401
                                        (845) 331-9434

To:    KEMPER FINANCIAL INDEMNITY COMPANY, One East Wacker Drive, Suite
       3700, Chicago, IL 60601

       KEMPER INDEPENDENCE INSURANCE COMPANY, 12926 Gran Bay Parkway
       West, Jacksonville, FL 32258

SUPREME COURT: STATE OF NEW YORK
COUNTY OF SCHENECTADY
----------------------------------------------------------------x
███████████████ an infant, by ALEXIS
ESTRADA, Individually, and as parent and natural
guardian,

                  **COMPLAINT**

           Plaintiffs,        Index No.: 2016-441

  - against -         Date Purchased:

KEMPER FINANCIAL INDEMNITY COMPANY
and KEMPER INDEPENDENCE INSURANCE
COMPANY,

             Defendants.

----------------------------------------------------------------x

     Plaintiffs, ██████████████, an infant, by ALEXIS ESTRADA,

Individually, and as parent and natural guardian, by their attorneys, MAINETTI,

MAINETTI & O'CONNOR, P.C., complaining of the Defendants, KEMPER

FINANCIAL INDEMNITY COMPANY and KEMPER INDEPENDENCE

INSURANCE COMPANY, respectfully set forth and allege, upon information and

belief, as follows:

1.   At all times hereinafter alleged, the plaintiffs ████████████, an

    infant, by ALEXIS ESTRADA, Individually, and as parent and natural

    guardian, resided in the County of Schenectady, State of New York.

2.   That at all times hereinafter mentioned and upon information and belief,

    the Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and

    still is an insurance company duly organized and existing under and by

virtue of the Laws of the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, the Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and still is a foreign corporation and duly authorized to do business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, the Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and still is a domestic corporation and duly authorized to do business within the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and still is a foreign corporation and duly authorized to conduct business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and still is a domestic corporation and duly authorized to conduct business within the State of New York.

7. That at all times hereinafter mentioned, the Defendant KEMPER FINANCIAL INDEMNITY COMPANY was and still is a business entity doing business in the State of New York.

8.   That at all times hereinafter mentioned, upon information and belief, the

     Defendant, KEMPER FINANCIAL INDEMNITY COMPANY contracted to

     supply goods and/or services within the State of New York.

9.   That at all times hereinafter mentioned and upon information and belief,

     the Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY,

     was and still is an insurance company duly organized and existing under

     and by virtue of the Laws of the State of New York.

10.  Upon information and belief, at all times hereinafter mentioned, the

     Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY , was

     and still is a foreign corporation and duly authorized to do business within

     the State of New York.

11.  Upon information and belief, at all times hereinafter mentioned, the

     Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY  was

     and still is a domestic corporation and duly authorized to do business

     within the State of New York.

12.  That at all times hereinafter mentioned, upon information and belief, the

     Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY   was

     and still is a foreign corporation and duly authorized to conduct business

     within the State of New York.

13.  That at all times hereinafter mentioned, upon information and belief, the

     Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY  was

     and still is a domestic corporation and duly authorized to conduct business

within the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the

Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY , was

and still is a business entity doing business in the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the

Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY ,

contracted to supply goods and/or services within the State of New York.

16. That heretofore and on or about August 31, 2011, the Infant plaintiff,

████████████████████ was a lawful pedestrian who was struck by a motor

vehicle owned by Nora A. Fennell, and operated by one "John Doe", and

was insured by Travelers Property Casualty Company of America. Nora A.

Fennell's insurance carrier, Travelers Property Casualty Company of

America, has disclaimed coverage due to the fact that "John Doe" stole the

vehicle from their insured.

17. That said Infant plaintiff had available to him a policy that provides

supplementary underinsured motorist coverage at the time of the motor

vehicle accident on August 31, 2011, as aforesaid through the insurance

policy of his grandmother, Elizabeth Green;  namely the Defendants herein

KEMPER FINANCIAL INDEMNITY COMPANY and KEMPER

INDEPENDENCE INSURANCE COMPANY.

18. That the Infant plaintiff, ████████████████ sustained permanent

injuries that exceeded the policy limits of the offending motor vehicle.

19.     That the Infant plaintiff [REDACTED], and ALEXIS ESTRADA,

Individually, and as parent and natural guardian of Infant plaintiff, bring

action for the injuries that Infant plaintiff sustained which were serious

enough under the Insurance Law of the State of New York, to be

compensated to the extent provided by law, for her pain, suffering,

disfigurement and damages, both past and present.

20.     The Defendant carriers, KEMPER FINANCIAL INDEMNITY COMPANY

and KEMPER INDEPENDENCE INSURANCE COMPANY, have failed to

provide SUM benefits to the Infant plaintiff herein.

21.     That the damages sustained by the Plaintiffs exceed the jurisdictional limit

of any lower Court.

        **WHEREFORE**, the Plaintiffs, [REDACTED] an infant, by ALEXIS

ESTRADA, Individually, and as parent and natural guardian demand judgment

against the defendant, KEMPER FINANCIAL INDEMNITY COMPANY and

KEMPER INDEPENDENCE INSURANCE COMPANY, in a sum which exceeds

the jurisdictional limits of all lower courts which otherwise might have

jurisdiction in this matter,  all together with the costs and disbursements of this

action and such other and further relief as the Court may deem just and proper.

Dated:  February 23, 2016          Yours, etc.

JOSEPH E. O'CONNOR, ESQ.
MAINETTI, MAINETTI & O'CONNOR, P.C.
Attorneys for Plaintiff
130 N. Front Street
Kingston, New York 12401
(845) 331-9434

SUPREME COURT: STATE OF NEW YORK
COUNTY OF SCHENECTADY

Index No.: 2016-441
Date Purchased:
**SUMMONS**

----------------------------------------------------------------X

████████████████ an infant, by ALEXIS
ESTRADA, Individually, and as parent and natural
guardian,

                         Plaintiffs,

    - against -

KEMPER FINANCIAL INDEMNITY COMPANY
and KEMPER INDEPENDENCE INSURANCE
COMPANY,

                         Defendants.

Plaintiffs designate
Schenectady County as the
place of trial.

The basis of venue is: Plaintiffs'
residence
Plaintiffs reside at:
Schenectady, NY
County of Schenectady

----------------------------------------------------------------X

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance on the plaintiff's attorneys within twenty days after the service of
this summons, exclusive of the day of service, where service is made by delivery upon you
personally within the state, or, within 30 days after completion of service where service is
made in any other manner. In case of your failure to appear or answer, judgment will be
taken against you by default for the relief demanded in the complaint.

Dated:    February 23, 2016

                                       JOSEPH E. O'CONNOR, ESQ.
                                       MAINETTI, MAINETTI & O'CONNOR, P.C.
                                       Attorneys for Plaintiffs
                                       130 N. Front Street
                                       Kingston, New York 12401
                                       (845) 331-9434

To:    KEMPER FINANCIAL INDEMNITY COMPANY, One East Wacker Drive, Suite
    3700, Chicago, IL 60601

    KEMPER INDEPENDENCE INSURANCE COMPANY, 12926 Gran Bay Parkway
    West, Jacksonville, FL 32258

SUPREME COURT: STATE OF NEW YORK
COUNTY OF SCHENECTADY
-----------------------------------------------------------X

███████████████ an infant, by ALEXIS
ESTRADA, Individually, and as parent and natural
guardian,

                                   Plaintiffs,

            - against -

KEMPER FINANCIAL INDEMNITY COMPANY
and KEMPER INDEPENDENCE INSURANCE
COMPANY,

                                   Defendants.

-----------------------------------------------------------X

**COMPLAINT**

Index No.: 2016-441

Date Purchased:

Plaintiffs, ███████████████ an infant, by ALEXIS ESTRADA,

Individually, and as parent and natural guardian, by their attorneys, MAINETTI,

MAINETTI & O'CONNOR, P.C., complaining of the Defendants, KEMPER

FINANCIAL INDEMNITY COMPANY and KEMPER INDEPENDENCE

INSURANCE COMPANY, respectfully set forth and allege, upon information and

belief, as follows:

1.    At all times hereinafter alleged, the plaintiffs ███████████, an

infant, by ALEXIS ESTRADA, Individually, and as parent and natural

guardian, resided in the County of Schenectady, State of New York.

2.    That at all times hereinafter mentioned and upon information and belief,

the Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and

still is an insurance company duly organized and existing under and by

virtue of the Laws of the State of New York.

3.   Upon information and belief, at all times hereinafter mentioned, the
     Defendant, KEMPER FINANCIAL INDEMNITY COMPANY  was and still
     is a foreign corporation and duly authorized to do business within the State
     of New York.

4.   Upon information and belief, at all times hereinafter mentioned, the
     Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and still
     is a domestic corporation and duly authorized to do business within the
     State of New York.

5.   That at all times hereinafter mentioned, upon information and belief, the
     Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and still
     is a foreign corporation and duly authorized to conduct business within the
     State of New York.

6.   That at all times hereinafter mentioned, upon information and belief, the
     Defendant, KEMPER FINANCIAL INDEMNITY COMPANY was and still
     is a domestic corporation and duly authorized to conduct business within
     the State of New York.

7.   That at all times hereinafter mentioned, the Defendant KEMPER
     FINANCIAL INDEMNITY COMPANY was and still is a business entity
     doing business in the State of New York.

8.    That at all times hereinafter mentioned, upon information and belief, the Defendant, KEMPER FINANCIAL INDEMNITY COMPANY contracted to supply goods and/or services within the State of New York.

9.    That at all times hereinafter mentioned and upon information and belief, the Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY, was and still is an insurance company duly organized and existing under and by virtue of the Laws of the State of New York.

10.    Upon information and belief, at all times hereinafter mentioned, the Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY , was and still is a foreign corporation and duly authorized to do business within the State of New York.

11.    Upon information and belief, at all times hereinafter mentioned, the Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY  was and still is a domestic corporation and duly authorized to do business within the State of New York.

12.    That at all times hereinafter mentioned, upon information and belief, the Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY   was and still is a foreign corporation and duly authorized to conduct business within the State of New York.

13.    That at all times hereinafter mentioned, upon information and belief, the Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY  was and still is a domestic corporation and duly authorized to conduct business

within the State of New York.

14.   That at all times hereinafter mentioned, upon information and belief, the

Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY , was

and still is a business entity doing business in the State of New York.

15.   That at all times hereinafter mentioned, upon information and belief, the

Defendant, KEMPER INDEPENDENCE INSURANCE COMPANY ,

contracted to supply goods and/or services within the State of New York.

16.   That heretofore and on or about August 31, 2011, the Infant plaintiff,

███████████████ was a lawful pedestrian who was struck by a motor

vehicle owned by Nora A. Fennell, and operated by one "John Doe",  and

was insured by Travelers Property Casualty Company of America.  Nora A.

Fennell's insurance carrier, Travelers Property Casualty Company of

America, has disclaimed coverage due to the fact that "John Doe" stole the

vehicle from their insured.

17.   That said Infant plaintiff had available to him a policy that provides

supplementary underinsured motorist coverage at the time of the motor

vehicle accident on August 31, 2011, as aforesaid through the insurance

policy of his grandmother, Elizabeth Green;  namely the Defendants herein

KEMPER FINANCIAL INDEMNITY COMPANY and KEMPER

INDEPENDENCE INSURANCE COMPANY.

18.   That the Infant plaintiff,                           R. sustained permanent

injuries that exceeded the policy limits of the offending motor vehicle.

19.   That the Infant plaintiff [REDACTED] and ALEXIS ESTRADA,
      Individually, and as parent and natural guardian of Infant plaintiff, bring
      action for the injuries that Infant plaintiff sustained which were serious
      enough under the Insurance Law of the State of New York, to be
      compensated to the extent provided by law, for her pain, suffering,
      disfigurement and damages, both past and present.

20.   The Defendant carriers, KEMPER FINANCIAL INDEMNITY COMPANY
      and KEMPER INDEPENDENCE INSURANCE COMPANY, have failed to
      provide SUM benefits to the Infant plaintiff herein.

21.   That the damages sustained by the Plaintiffs exceed the jurisdictional limit
      of any lower Court.

      WHEREFORE, the Plaintiffs, [REDACTED] an infant, by ALEXIS
ESTRADA, Individually, and as parent and natural guardian demand judgment
against the defendant, KEMPER FINANCIAL INDEMNITY COMPANY and
KEMPER INDEPENDENCE INSURANCE COMPANY, in a sum which exceeds
the jurisdictional limits of all lower courts which otherwise might have
jurisdiction in this matter, all together with the costs and disbursements of this
action and such other and further relief as the Court may deem just and proper.

Dated:   February 23, 2016          Yours, etc.


JOSEPH E. O'CONNOR, ESQ.
MAINETTI, MAINETTI & O'CONNOR, P.C.
Attorneys for Plaintiff
130 N. Front Street
Kingston, New York 12401
(845) 331-9434